IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MIRNA NAVARIJO, | ) |
| Plaintiff, | ) Case No. 11-_____ |
| v. | ) |
| TYSON FRESH MEATS, INC., | ) **CERTIFICATE PURSUANT TO** |
| | ) **LOCAL RULE 81.1** |
| Defendant. | ) |

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION

COMES NOW Defendant and, pursuant to Local Rule 81.1, hereby certifies the following to this Court with regard to its Notice of Removal:

1. All pleadings and other papers filed in the State Court proceeding through the date of this Notice are as follows:

   Original Notice and Petition at Law and Jury Demand

2. Copies of all such documents are attached to the Notice of Removal filed concurrently herewith.

3. No matters are pending in the state court that require resolution by this Court, other than the claim asserted by Plaintiff.

The following counsel have appeared in the state court action:

Patrick V. Waldron
Benjamin R. Merrill
Patterson Law Firm, LLP
505 Fifth Avenue, Suite 729
Des Moines, Iowa 50309-2390

Respectfully submitted,

BELIN McCORMICK, P.C.

By _____
Michael R. Reck, *lead counsel*
Kelsey J. Knowles

666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989
Telephone: (515) 283-4645
Facsimile: (515) 558-0645
E-mail: mrreck@belinmccormick.com
kjknowles@belinmccormick.com

ATTORNEYS FOR DEFENDANT TYSON FRESH MEATS, INC.

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on Sept. 20, 2011, by

☐ U.S. Mail            ☐ FAX
☐ Hand Delivered       ☐ Electronic Mail
☐ FedEx/ Overnight Carrier  ☑ ~~EDMS~~ CM|ECF

Patrick V. Waldron
Benjamin R. Merrill
Patterson Law Firm, LLP
505 Fifth Avenue, Suite 729
Des Moines, Iowa 50309-2390

*Attorneys for Plaintiff*

Signature: _Shannon Wineland_

T0345\0032\(01084179).DOC

N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MIRNA NAVARIJO,<br><br>    Plaintiff,<br><br>v.<br><br>TYSON FRESH MEATS, INC.,<br><br>    Defendant. | Case No. 11-_____<br><br><br>**NOTICE OF REMOVAL** |

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

The above-named Defendant, Tyson Fresh Meats, Inc., hereby gives notice of removal of Case No. LACV 037089 from the Iowa District Court in and for Dallas County to the United States District Court for the Southern District of Iowa, Central Division. In support thereof, Defendant states as follows:

1. On or about August 25, 2011, a civil action was commenced in the Iowa District Court in and for Dallas County captioned <u>Mirna Navarijo v. Tyson Fresh Meats, Inc.</u>, Dallas County Case No. LACV037089. True and correct copies of the Original Notice and Petition at Law and Jury Demand are attached hereto as Exhibit A.

2. Defendant was served with the Original Notice and Petition at Law and Jury Demand on September 1, 2011.

3. In her Petition, Plaintiff asserts a cause of action arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Jurisdiction over actions

arising under the laws of the United States is vested in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

4.   Plaintiff is a citizen of Iowa.  In addition, Defendant Tyson Fresh Meats, Inc., is incorporated in the State of Delaware with its principal place of business in a state other than Iowa.  The parties are citizens of different states and wholly diverse.  Jurisdiction over actions between citizens of diverse states is vested in this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

5.   Plaintiff seeks damages in excess of $75,000.

6.   Defendant removed this action within thirty (30) days of being served the Original Notice and Petition at Law and Jury Demand.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446.

Respectfully submitted,

BELIN McCORMICK, P.C.

By _____
Michael R. Reck, *lead counsel*
Kelsey J. Knowles

666 Walnut Street, Suite 2000
Des Moines, IA  50309-3989
Telephone:  (515) 283-4645
Facsimile:  (515) 558-0645
E-mail:     mrreck@belinmccormick.com
            kjknowles@belinmccormick.com

ATTORNEYS FOR DEFENDANT TYSON FRESH MEATS, INC.

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on Sept. 20, 2011, by

☐ U.S. Mail  ☐ FAX

☐ Hand Delivered  ☐ Electronic Mail

☐ FedEx/ Overnight Carrier  ☑ CM/ECF

Patrick V. Waldron
Benjamin R. Merrill
Patterson Law Firm, LLP
505 Fifth Avenue, Suite 729
Des Moines, Iowa 50309-2390

*Attorneys for Plaintiff*

Signature: *Shanna Wineland*

T0345\0032\ (01084178).DOC

IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| MIRNA NAVARIJO,<br><br>    Plaintiff,<br><br>vs.<br><br>TYSON FRESH MEATS, INC.,<br><br>    Defendant. | LAW NO. LACV037089<br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT: Tyson Fresh Meats, Inc.

    You are notified that a Petition and Jury Demand has been filed in the office of the clerk of this court naming you as the Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The names and address of Plaintiff's attorneys are Patrick V. Waldron and Benjamin R. Merrill, 505 5th Avenue, Suite 729, Des Moines, IA 50309. The attorneys' phone number is (515) 283-2147 and facsimile number is (515) 283-1002.

    You must serve a motion or answer within 20 days after service of this original notice upon you and within a reasonable time thereafter file your motion or answer, with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

*Marsha McDermott*
                                   **CLERK OF COURT**
                                  Dallas County Courthouse,
                                           Adel, Iowa

**Important:** You are advised to seek legal advice to protect your interests.


EXHIBIT A

IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| MIRNA NAVARIJO,<br><br>    Plaintiff,<br><br>vs.<br><br>TYSON FRESH MEATS, INC.,<br><br>    Defendant. | LAW NO. **LACV 037089**<br><br><br>**PETITION AND JURY DEMAND** |

**COMES NOW** Plaintiff, Mirna Navarijo, and for her cause of action against Defendant, Tyson Fresh Meats, Inc., states as follows:

1.  At all times relevant hereto, Plaintiff, Mirna Navarijo, has been a resident of Perry, Dallas County, Iowa.

2.  At all times relevant hereto, Defendant, Tyson Fresh Meats Inc., has been an entity incorporated in the State of Arkansas, licensed to do business in the State of Iowa, and specifically conducting business in Perry, Dallas County, Iowa.

3.  Plaintiff was an employee of Defendant from October 1998, through June 12, 2010.

4.  During her employment at the Defendant, Plaintiff sustained injuries arising out of and in the course of his employment with Defendants.

5.  Claimant's injuries include injuries to her right elbow, right shoulder, back, neck, and bilateral upper extremities.

6. Additionally, Plaintiff had another injury/condition which required her to take frequent bathroom breaks in order to address her symptoms.

7. On June 16, 2009, Plaintiff's treating physician issued a medical report indicating that Plaintiff had a workplace restriction requiring her to "drink plenty of water and take bathroom breaks frequently." This restriction was listed by Plaintiff's physician for a diagnosis of back pain.

8. On June 12, 2010, Defendants terminated Plaintiff's employment after accommodating Plaintiff's restrictions for a long period of time.

9. Plaintiff filed a complaint with the Iowa Civil Rights Commission on or about December 29, 2010.

10. The complaint was cross-filed with the Equal Employment Opportunity Commission.

11. On May 28, 2011, Plaintiff received a Right to Sue letter from the Iowa Civil Rights Commission. ICRC Letter (Exhibit 1).

12. On June 15, 2011, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission. EEOC Letter (Exhibit 2).

13. The amount at issue in this matter exceeds the jurisdictional minimum.

## COUNT I - VIOLATION OF THE IOWA CIVIL RIGHTS ACT
## (IOWA CODE § 216.6)

14. Plaintiff hereby incorporates paragraphs 1 through 13 of this Petition.

15. Plaintiff was/is disabled within the meaning of the Americans with Disabilities Act.

16. Plaintiff was qualified to perform the essential functions of her job at Defendant.

17. Plaintiff's employment was terminated because of her disability.

18. Plaintiff has suffered damages as a result of the termination of his employment, including, but not limited to:

   (a) lost past earnings;

   (b) lost future earnings;

   (c) loss of earning capacity;

   (d) mental pain and suffering.

## COUNT II - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## (42 U.S.C. § 12101 et seq.)

19. Plaintiff hereby incorporates paragraphs 1 through 18 of this Petition.

20. Plaintiff has suffered damages as a result of the termination of her employment, including, but not limited to:

   (a) lost past earnings;

   (b) lost future earnings;

(c) loss of earning capacity;

(d) mental pain and suffering.

### COUNT III - TERMINATION AND VIOLATION OF PUBLIC POLICY

21. Plaintiff hereby incorporates paragraphs 1 through 20 of this petition.

22. It is the public policy of the State of Iowa that employees not be terminated or otherwise retaliated against due to a disabling condition.

23. At the time of Plaintiff's termination, Plaintiff had such a condition, which had been communicated by Plaintiff's physician to Defendant in her applicable medical report.

24. Defendant accommodated Plaintiff's restrictions for a given amount of time.

25. However, at some point Defendant chose to no longer accommodate Plaintiff's medical condition and created a workplace environment in which it was impossible for Plaintiff to properly address her condition without receiving a reprimand from her employer.

26. Accordingly, Plaintiff was eventually terminated on June 12, 2010 for "rules violations."

27. Plaintiff has suffered damages as a result of the termination of her employment, including, but not limited to:

(a) lost past earnings;

(b) lost future earnings;

(c) loss of earning capacity;

(d) mental pain and suffering.

### COUNT IV - PUNITIVE DAMAGES

28. Plaintiff hereby incorporates paragraphs 1 through 27 of this petition.

29. In terminating Plaintiff's employment, Defendants acted with malice and reckless indifference toward Plaintiff's rights, out of ill will or hatred toward Plaintiff.

30. Defendants' actions constituted a willful and wanton disregard for Plaintiff's rights.

31. Punitive damages are warranted and proper on all counts.

### JURY DEMAND

32. Pursuant to Iowa Rule of Civil Procedure 1.902, Plaintiff requests a trial by jury on all counts.

**WHEREFORE**, Plaintiff, Mirna Navarijo, prays for judgment against Defendant for an amount that will fully compensate Plaintiff, together with interest thereon, for the costs of this action, for punitive or exemplary damages, and for such other relief as the Court deems proper.

```
PATTERSON LAW FIRM, L.L.P.
505 Fifth Avenue, Suite 729
Des Moines, IA 50309-2390
Telephone:  515-283-2147
Facsimile:  515-283-1002
E-mail:
pwaldron@pattersonfirm.com
bmerrill@pattersonfirm.com
```

By _____
Patrick V. Waldron   AT0008232

By _____
Benjamin R. Merrill   AT0009789

ATTORNEYS FOR PLAINTIFF

Original filed.

Administrative Release
(Letter of Right-To-Sue)

MAY 28 ??
MAY 28 2011

| To: | ) From: |
|---|---|
| MS. MIRNA NAVARIJO<br>1613 OTLEY AVE<br>PERRY, IA 50220 | )<br>)  Iowa Civil Rights Commission<br>)  Grimes State Office Building<br>)  400 E. 14th Street<br>)  Des Moines, Iowa 50319 |
| Complaint CP# 12-10-60073    EEOC# 26A-2011-00263C | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10. It is issued pursuant to the Complainant's request.

The following conditions have been met:

1. The complaint was timely filed with the Iowa Civil Rights Commission (ICRC) as provided in Iowa Code Section 216.15(12);

2. Sixty (60) days have expired since the complaint was filed with ICRC;

3. None of the exceptions set forth in Administrative Rule 161 – 3.10(4) are applicable.

With this Administrative Release, the Complainant has the right to commence an action in state district court. That action must be commenced within ninety (90) days of the issue date 5/27/2011. *The Right-to-Sue Letter is not a finding by ICRC on the merits of the charge. ICRC will take no further actions in this matter.*

A copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below. The Code allows any party to obtain a complete copy of the case file after a Right-To-Sue has been issued. Requests for copies should be directed to Marcia Coverdale at ICRC.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc: File
    PATRICK WALDRON, Complainant's Attorney
    TYSON FRESH MEATS, INC.
    TYSON FOODS, INC.
    JIMMIE FRY
    BRIAN JACKSON

ICRC/S36 (24)

PLAINTIFF'S
EXHIBIT
1

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | | | |
|---|---|---|---|
| To: | Mirna Navarijo<br>1613 Otley Ave<br>Perry, IA 50220 | From: | Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 800<br>Milwaukee, WI 53203 |

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2011-00263 | Roxanne M. Kitzman,<br>State & Local Coordinator | (414) 297-1112 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_[signature]_
John P. Rowe,
Director

JUN 1 3 2011
(Date Mailed)

Enclosures(s)

cc: **TYSON FRESH MEATS**
Attn: Human Resource Manager
13500 I Court
Perry, IA 50220

Patterson Law Firm, LLP
Attn: Benjamin R. Merrill
505 5th Ave Suite 729
Des Moines, IA 50309

PLAINTIFF'S
EXHIBIT
2

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*